**Affirmed and Opinion filed September 5, 2013.**



In the

# Fourteenth Court of Appeals

## NO. 14-12-00644-CV

## GREG GIBSON AND CRISTINE GIBSON, Appellants

## V.

## JOSE FERNANDO CUELLAR, Appellee

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-13000**

## O P I N I O N

Appellants Greg and Christine Gibson (the Gibsons) appeal from a final judgment awarding attorney's fees in the amount of $40,182.50 to appellee Jose Fernando Cuellar. In an underlying action, the parties entered into a rule 11 agreement and agreed judgment regarding the sale and transfer of a parcel of real estate. After the Gibsons failed to deliver clear title in accordance with the settlement agreement, Cuellar filed the instant suit. The trial court appointed a

receiver to conduct the real estate transaction, and then awarded Cuellar attorney's fees after a bench trial. In their first issue, the Gibsons attack the trial court's appointment of the receiver, arguing that the evidence was legally and factually insufficient to support the appointment of a receiver for their interests. In their second issue, the Gibsons contend that the evidence is legally insufficient to support the award of attorney's fees. We conclude that we lack jurisdiction to address the trial court's appointment of the receiver and receiver-related orders. With regard to the award of attorney's fees, we conclude that the Gibsons' arguments lack merit. Therefore, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1998, appellant Greg Gibson and appellee Jose Fernando Cuellar entered into a contract for deed to real property located on Wallisville Road in Harris County, Texas. In 2007, Cuellar brought suit against the Gibsons concerning the sale of said property and performance of the contract. The parties agreed to terms and filed a rule 11 agreement. On March 31, 2009, an agreed judgment was entered in the underlying action. However, the Gibsons did not deliver clear title to Cuellar as agreed in the settlement.

On February 26, 2010, Cuellar again filed suit against the Gibsons, seeking specific performance of the settlement agreement and damages, including attorney's fees.[1] Cuellar moved for appointment of a receiver to close the real estate sale and transfer. On February 21, 2011, the trial court signed an order appointing a receiver "to take any and all necessary steps to close the real estate transaction on the parcel of real property . . . as agreed by and between [Cuellar] and [the Gibsons] in the previous Judgment entered in this Court." On April 11,

---

[1] The instant case was originally assigned to the 129th District Court and was transferred to the 11th District Court, where judgment in the underlying suit was entered.

2011, based on the receiver's application to sell the property, the trial court signed an order that the receiver, in the place of the Gibsons, close on the property in question. On April 18, 2011, based on the receiver's report of sale, the trial court signed a decree confirming the property's sale to Cuellar.

On March 29, 2012, the trial court held a bench trial on attorney's fees. Based on testimony from Cuellar and Cuellar's attorney, the trial court determined that Cuellar was entitled to attorney's fees on his breach of contract claim. On April 11, 2012, the trial court signed its final judgment against the Gibsons, awarding Cuellar $40,182.50 in attorney's fees, plus conditional fees in the event of appeal.

The Gibsons requested findings of fact and conclusions of law, which the trial court issued on May 29, 2012. The trial court issued findings that "[t]he Gibsons' breach of contract and refusal to participate or attend a closing of the sale of the property necessitated the appointment of a receiver to close the transaction on behalf of the Gibsons" and that "[u]pon consideration of [Cuellar's] Motion to Appoint a Receiver, the Gibsons' breach of the Rule 11 Agreement was determined and through the granting of the relief requested, the Court found that a breach had occurred." The court also issued a finding that "Cuellar made a proper, reasonable demand at least 30 days prior to filing this lawsuit, and otherwise fulfilled all necessary conditions in order to recover his reasonable and necessary attorney's fees." The Gibsons timely appealed. In two issues, the Gibsons argue that the trial court erred by appointing a receiver to sell the property and by awarding Cuellar attorney's fees.

## II.    ANALYSIS

**A. We lack jurisdiction to review the trial court's order appointing the receiver and subsequent receiver-related orders.**

In their first issue, in two subparts addressing each of their respective interests in the subject property, the Gibsons challenge the trial court's appointment of the receiver based on legal and factual insufficiency. After appointing the receiver, the trial court also issued an order approving the receiver's application to sell the property and a decree confirming the sale of the property by the receiver. We conclude that we lack jurisdiction to review the trial court's appointment order, and any subsequent receiver-related order, because the appeal was not timely.[2]

Section 51.014 of the Civil Practice and Remedies Code expressly authorizes an appeal from certain "interlocutory orders" of the trial court, including orders appointing a receiver. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1) (West 2011). Rule 26.1(b) of the Texas Rules of Appellate Procedure provides that an interlocutory appeal "must be filed within 20 days after the judgment or order is signed." TEX. R. APP. P. 26.1(b); *see id.* 28.1 (stating appeals from interlocutory orders, when allowed by statute, are accelerated and are perfected by filing a notice of appeal "within the time allowed by Rule 26.1(b)," and filing a motion for new trial, post-trial motion, or request for findings of fact "will not extend the time to perfect an accelerated appeal").

Several Texas courts have concluded that where a party seeks to appeal the

---

[2] Even when the parties do not challenge jurisdiction, we must inquire into our jurisdiction to consider an appeal. *Baylor Coll. of Med. v. Hernandez*, 208 S.W.3d 4, 7 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). We provided notice to all the parties that we questioned our jurisdiction over this issue pursuant to Texas Rule of Appellate Procedure 42.3 and requested letter briefing. The Gibsons did not respond to our request.

appointment of a receiver beyond such 20-day period, such appeal is not timely and should be dismissed. *See, e.g., Wells Fargo Bank, N.A. v. JRK Villages at Meyerland, LLC*, No. 01-10-01076-CV, 2011 WL 61170, at *1 (Tex. App.—Houston [1st Dist.] Jan. 6, 2011, no pet.) (mem. op.) ("[T]his Court has held that section 51.014(a)(1) requires a party to appeal within 20 days of the original order appointing a receiver."); *Fortenberry v. Cavanaugh*, No. 03-07-00310-CV, 2008 WL 4997568, at *24 (Tex. App.—Austin Nov. 26, 2008, pet. denied) (mem. op.) ("Given the nature of a receivership, a party's ability to seek termination or modification, and the policy reasons behind the twenty-day time limit to appeal, we conclude that the [appellants] were required to appeal the appointment of the receiver within twenty days from the [appointment] order."); *Long v. Spencer*, 137 S.W.3d 923, 926 (Tex. App.—Dallas 2004, no pet.) ("A challenge to the receivership order after twenty days has passed is untimely and will be dismissed by the appellate court.")[3]; *Boyd v. State*, No. 03-03-00734-CV, 2004 WL 210619, at *1 (Tex. App.—Austin Feb. 5, 2004, no pet.) (mem. op.) (dismissing for want of jurisdiction appeal challenging order appointing receiver after 91 days); *Sclafani v. Sclafani*, 870 S.W.2d 608, 611 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (same after five years); *Revier v. Spragins*, 810 S.W.2d 298, 302 (Tex. App.—Fort Worth 1991, no writ) (same after 87 days); *see also Pouya v. Zapa Interests, Inc.*, No. 03-07-00059-CV, 2007 WL 2462001, at *6 (Tex. App.—Austin Aug. 31, 2007, pet. denied) (mem. op.) ("[B]y the time that [appellant] filed the motion to terminate the receivership, six months had passed after the order appointing the receiver was entered, much longer than the twenty days necessary for perfecting an appeal of an interlocutory order. . . . The order appointing the receiver is thus final

---

[3] *Long* involved orders appointing a receiver and a substitute receiver in the context of a suit for partition. 137 S.W.3d at 926 (concluding that order appointing receiver and/or order appointing substitute receiver "should have been appealed following the entry of the relevant order(s)").

5

and cannot be collaterally attacked.").

However, all but one of these cases were decided before *Hernandez v. Ebrom*, 289 S.W.3d 316 (Tex. 2009).[4] In *Hernandez*, the Supreme Court allowed an appeal from an order denying a challenge to an expert report after final judgment, even though that order was subject to an interlocutory appeal pursuant to section 51.014(a)(9). *Id.* at 319–20.

And some lower courts previously have concluded there are other orders, subject to the interlocutory appeal statute, that courts will still review after final judgment, such as special appearances. *See GJP, Inc. v. Ghosh*, 251 S.W.3d 854, 866–67 (Tex. App.—Austin 2008, no pet.) (holding that appellate jurisdiction to review special appearance rulings was not limited solely to interlocutory appeal authorized by section 51.014(a)(7)); *Canyon (Australia) Pty., Ltd. v. Maersk Contractors, Pty., Ltd.*, No. 08–00–00248–CV, 2002 WL 997738, at *4 (Tex. App.—El Paso May 16, 2002, pet. denied) (not designated for publication) (concluding that interlocutory appeal was not "mandatory" and trial court's special appearance grant could be reviewed on appeal from final judgment); *but see Matis v. Golden*, 228 S.W.3d 301, 305 (Tex. App.—Waco 2007, no pet.) (concluding that challenge to order denying special appearance, raised for the first time on appeal from final judgment, was untimely because parties failed to bring an interlocutory appeal).

In addition, although waiver was not expressly at issue, the Supreme Court has countenanced review after final judgment where a government entity could have sought interlocutory appeal of the denial of its jurisdictional plea pursuant to section 51.014(a)(8) but did not. *See State ex rel. State Dep't of Highways & Pub.*

---

[4] In *JRK-Villages*, a memorandum opinion, the First Court of Appeals did not address *Hernandez*'s import, if any.

*Transp. v. Gonzalez*, 82 S.W.3d 322, 331 (Tex. 2002); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 412 (Tex. 1997). Likewise, our court will review, after final judgment, a previously denied—but not appealed under section 51.014(8)—plea to the jurisdiction. *Larsen v Santa Fe Indep. Sch. Dist.*, 296 S.W.3d 118, 122 n.2 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

But there is another line of cases which concludes that certain orders in proceedings involving receivers are final and must be appealed. *See Huston v. F.D.I.C.*, 800 S.W.2d 845, 848 (Tex. 1990) (op. on reh'g) (aligning probate proceedings to receivership proceedings and concluding that "[t]he same standards apply"). If a trial court enters an order resolving "a discrete issue in connection with any receivership," that order "has the same force and effect as any other final adjudication of a court, and thus, is appealable." *Id.* at 847. In *Huston*, a receiver was appointed for an insolvent bank. The Texas Supreme Court concluded that the trial court's order determining the bank creditors' entitlement to interest resolved a discrete receivership issue and thus was an appealable final order. *Id.* at 846–47; *cf. London v. London*, 349 S.W.3d 672, 674–75 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (determining that order which appellant sought review of—denial of motion for disbursement—did not meet *Huston* so was not appealable). Because the appellant did not timely appeal the order—indeed only filing appeal over six months later when the receivership proceeding was terminated—the court held the appeal was untimely and the issue was waived. *Huston*, 800 S.W.2d at 847–49; *see* TEX. R. APP. P. 26.1.

Either this appeal involves an interlocutory appeal of the receiver appointment order, subject to a mandatory accelerated 20-day timetable under rules 26.1 and 28.1,[5] or involves final appealable orders resolving the discrete

---

[5] This court has not yet ruled on this precise issue, either before or after *Hernandez.*

receivership-related issues that the property sale should occur and be confirmed,[6] subject to the presumptive 30-day timetable of rule 26.1 for perfecting appeal, or both. In any event, we conclude that the Gibsons have failed to timely perfect their appeal.

Here, the trial court signed its order appointing the receiver on February 21, 2011. The trial court signed its order approving the property sale on April 11, 2011, and its decree confirming the sale on April 18, 2011. The Gibsons did not appeal the order appointing the receiver within 20 days, did not appeal the orders approving and confirming the sale within 30 days, and did not otherwise file anything to extend the 30-day deadlines. Instead, the Gibsons did not file this appeal until more than a year and four months after the receiver was appointed, and more than a year and two months after the receiver effected the sale of the property. "Allowing the vacation of a receivership at any time after its creation would work undue hardship on third parties who have dealt in good faith with the receiver." *Sclafani*, 870 S.W.2d at 611. Permitting appeals such as this one also would work against finality interests. *See Huston*, 800 S.W.2d at 848; *Sclafani*,

---

However, in the context of a bankruptcy proceeding, we considered whether we had jurisdiction over an appeal from a turnover order that also appointed a receiver. In *Wilkins v. State Farm Mutual Automobile Insurance Co.*, the appellee argued that the appeal was untimely because the turnover order appointed a receiver and thus was an interlocutory order, and the appellant filed his notice of appeal more than 20 days after the turnover order was signed. 58 S.W.3d 176, 179 (Tex. App.—Houston [14th Dist.] 2001, no pet.). While we acknowledged that, "[o]rdinarily, appointing a receiver begins a proceeding," and would be interlocutory in nature pursuant to section 51.041(a)(1) and rules 26.1 and 28.1, we concluded that a "turnover order, however, is a final order, even though it may appoint a receiver." *Id.* (citation omitted). Therefore, we held that the appellant's motion for new trial, filed within 30 days of the turnover order, extended the appellate deadlines and the appeal was timely. *Id.* at 179–80.

[6] *See Huston*, 800 S.W.2d at 848 (discussing with approval *Chapman v. Guaranty State Bank*, 267 S.W. 690, 694 (Tex. Comm'n App. 1924, holding approved), where court determined that trial court's order of sale of insolvent bank's assets and decree of confirmation of sale "have the same force and effect as any other final adjudication of a court, and are subject to attack only by such methods as may be available to set aside other decrees").

870 S.W.2d at 611. We conclude that the Gibsons' appeal of the appointment of the receiver, and any subsequent receiver-related order, is not timely filed, and we therefore dismiss this issue for want of jurisdiction.

## B. The trial court did not abuse its discretion in awarding attorney's fees for breach of contract.

In their second issue, the Gibsons argue that the evidence is not legally and factually sufficient to support the trial court's award of attorney's fees because Cuellar failed to include a specific request for attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code in his live pleading (his second amended original petition). The Gibsons also contend that Cuellar failed to plead and prove facts to show presentment of his contract claim to satisfy section 38.002. Neither of these arguments has merit.

"A person may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8) (West 2011); *see Weaver v. Jamar*, 383 S.W.3d 805, 813 (Tex. App.—Houston [14th Dist.] 2012, no pet.). We review a trial court's award of attorney's fees based on breach of contract for an abuse of discretion. *Weaver*, 383 S.W.3d at 813. The trial court abuses its discretion when its decision was arbitrary or unreasonable. *Id.*

### 1. The trial court properly allowed Cuellar's claim for attorney's fees.

At the bench trial, the Gibsons objected that the trial court should not allow attorney's fees because Cuellar did not specifically mention section 38.001 of the Texas Civil Practice and Remedies Code in his live petition. The trial court overruled this objection and chose to construe Cuellar's pleadings as properly asserting a claim for attorney's fees under section 38.001. The trial court noted that, despite not mentioning section 38.001, Cuellar included a claim for attorney's

fees within his breach of the settlement contract claim and generally in his prayer.

The trial court's treatment of Cuellar's pleadings is consistent with our case law. "[I]f a party pleads facts which, if true, entitle him to the relief sought, he need not specifically plead the applicable statute in order to recover [attorney's fees] under it." *Mitchell v. LaFlamme*, 60 S.W.3d 123, 130 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562, 575 (Tex. App.—Houston [14th Dist.] 1983), *rev'd in part on other grounds*, 704 S.W.2d 742 (Tex. 1986); *see also O'Connell v. Hitt*, 730 S.W.2d 16, 18 (Tex. App.—Corpus Christi 1987, no writ) (citing *Bellafonte*).

In his live petition, Cuellar alleged that he entered into a settlement agreement with the Gibsons in connection with the underlying action; that Cuellar secured financing and was "ready, willing and able to close on the property"; that the Gibsons failed to deliver title to the property; and that Cuellar has incurred damages, specifically including "reasonable and necessary attorney's fees," resulting therefrom. If true, these facts as alleged by Cuellar would support the elements of a breach of contract claim and entitle him to the relief sought. *See Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (outlining elements of breach of contract). Moreover, as the record does not indicate that the Gibsons specially excepted to Cuellar's lack of specific identification of section 38.001 in his request for attorney's fees, we construe the pleadings liberally in favor of Cuellar. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Thus, we conclude that the trial court did not abuse its discretion in allowing Cuellar's claim for attorney's fees.

## 2. The evidence is legally sufficient to meet section 38.002's presentment requirement.

We next determine whether Cuellar satisfied the presentment requirement to recover his attorney's fees. To recover attorney's fees, the claimant must present the claim to the opposing party, and payment must not have been tendered before 30 days have elapsed after the claim is presented. TEX. CIV. PRAC. & REM. CODE § 38.002 (West 2011). The claimant bears the burden to plead and prove presentment of the claim. *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983). The purpose of the presentment requirement is to allow the party against whom the claim is asserted an opportunity to pay it or tender performance within 30 days after they have notice of the claim without incurring an obligation for attorney's fees. *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981) (applying predecessor statute to section 38.001 to a suit for specific performance of written contract to sell property). "No particular form of presentment is required." *Id.* The term "presentment," as applied in section 38.002, is not defined in the Code; however, our supreme court has construed the word to mean simply a demand or request for payment or performance, whether written or oral. *See id.*; *Garner v. Redeaux*, 678 S.W.2d 124, 129 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Here, the trial court found that Cuellar met the presentment requirement.[7] The evidence shows that notice and presentment of the claim were given to the Gibsons more than 30 days before Cuellar filed the instant suit. Pursuant to the rule 11 agreement and agreed judgment in the underlying action, the Gibsons were required to provide clear title and close on the property within 60 days after March 31, 2009.[8] Cuellar testified that he was ready, willing, and able and had "[his]

---

[7] Although the specific finding appears in the trial court's conclusions of law, it is a fact finding, and we treat it as such because such designation is not controlling on appeal. *See Ray v. Farmers' St. Bank of Hart*, 576 S.W.2d 607, 608 n.1 (Tex. 1979); *Atkin v. Cobb*, 663 S.W.2d 48, 53 (Tex. App.—San Antonio 1983, writ dism'd) (characterizing presentment as fact issue).

[8] The rule 11 agreement and agreed judgment also provided that Cuellar be awarded $10,000 in attorney's fees through the granting of the agreed judgment. Cuellar's attorney

finances" to close on the property as of June 1, 2009, but closing did not occur by this date. Cuellar testified that the parties attended a court hearing and agreed to a reset closing date of November 16, 2009, but again the Gibsons failed to close and provide clear title. The trial court recounted its own recollection of "there being hearing after hearing in which we all scratched our heads [to] figure out what we [we]re going to do" due to the continued delay in closing. Cuellar did not file his original petition in the instant action until over three months later on February 26, 2010. The Gibsons "cannot seriously contend that [they were] unaware that [Cuellar] was asserting a claim for specific performance in the sale of the real property." *See Carrington v. Hart*, 703 S.W.2d 814, 818 (Tex. App.—Austin 1986, no writ). Moreover, "[t]he reason and purpose of the rule was duly accomplished and the [Gibsons were] afforded ample opportunity to avoid attorney's fees." *See Various Opportunities, Inc. v. Sullivan Invs., Inc.*, 677 S.W.2d 115, 119 (Tex. App.—Dallas 1984, no writ) (evidence of presentment sufficient where selling party failed to close on property within 30 days); *see also Allright, Inc. v. Guy*, 696 S.W.2d 603, 605 (Tex. App.—Houston [14th Dist.] 1985, no writ) (explaining that "all that is necessary is the assertion of the right to recover and a request for recovery" to meet presentment).

We conclude this evidence, viewed in the light most favorable to the challenged finding, would enable a reasonable and fair-minded fact finder to find that Cuellar met the presentment requirement. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Carrington*, 703 S.W.2d at 818; *Garner*, 678 S.W.2d at 129; *Various Opportunities*, 677 S.W.2d at 119–20; *Atkin v. Cobb*, 663 S.W.2d 48, 53 (Tex. App.—San Antonio 1983, writ dism'd). Therefore, the trial

---

testified to reasonable and necessary fees totaling $50,182.50 at the bench trial. Thus, the trial court credited the Gibsons for this $10,000 when it awarded Cuellar $40,182.50 in the instant final judgment.

court did not abuse its discretion in awarding Cuellar attorney's fees, and we overrule this issue.

## III.    CONCLUSION

We conclude that we lack jurisdiction over the Gibsons' first issue.  Having overruled the Gibsons' sole remaining issue, we affirm the trial court's final judgment.


/s/    Tracy Christopher
Justice


Panel consists of Justices Brown, Christopher, and McCally.