**Opinion filed November 6, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00222-CV

_____

## IN THE MATTER OF THE ESTATE OF
## ESTHER ABELL DENTON, DECEASED

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. P14779**

## MEMORANDUM OPINION

Appellant, Douglas A. Denton, filed a pro se notice of appeal in which he indicated that he wished to appeal various rulings and orders of the trial court with respect to the administration of his mother's estate. As listed in his notice of appeal, Appellant attempts to appeal from the following rulings and orders of the trial court: the order granting the administrator's motion to quash a deposition and motion for protective order; the verbal ruling denying Appellant's motion for continuance; the verbal ruling to not accept Appellant's evidence of incomplete administration; the order granting the administrator's application to appoint a receiver for the Esther Denton Trust for Douglas A. Denton; the overruling, by

operation of law, of Appellant's motion for new trial with respect to the order appointing a receiver; and the overruling, by operation of law, of Appellant's motion for new trial with respect to the order quashing a deposition and granting a protective order. Upon receiving and filing the record in this case, the clerk of this court notified Appellant by letter that the various orders and rulings mentioned in the notice of appeal did not appear to be final, appealable orders and that the appeal from the order appointing a receiver did not appear to be timely filed. We requested that Appellant provide a response showing grounds to continue this appeal, and we notified Appellant that the appeal may be dismissed. Appellant has filed an appropriate response; however, we must dismiss this appeal.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2014) (authorizing appeals from certain interlocutory orders). We recognize that an appeal from an interlocutory order that appoints a receiver is expressly authorized by statute. CIV. PRAC. & REM. § 51.014(a)(1). However, to perfect an interlocutory appeal, which is an accelerated appeal, the notice of appeal must be filed within twenty days after the order was signed. TEX. R. APP. P. 26.1(b), 28.1(a), (b). Filing a motion for new trial or a request for findings of fact does not extend the time to perfect an accelerated appeal. TEX. R. APP. P. 28.1(b). Appellant's notice of appeal was filed eighty-five days after the trial court signed the order granting the administrator's application to appoint a receiver for the Trust. Thus, Appellant did not timely perfect an interlocutory appeal from that appealable interlocutory order. In his response, Appellant correctly states that his notice of appeal "was filed timely for appeal of a final order, but was not timely filed for appeal of an interlocutory order."

We also recognize that probate proceedings may have multiple judgments that are final for purposes of appeal. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *see* TEX. EST. CODE ANN. § 32.001 (West 2014). An appeal from a probate order may be authorized by "an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable." *De Ayala*, 193 S.W.3d at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)); *see* EST. § 202.202 (heirship); *see also id.* §§ 351.053, 355.057, 355.058, 355.158(d), 356.556 (other express declarations of finality). If not expressly authorized as final or appealable by statute, a probate order is immediately appealable when it disposes of all parties or issues in a particular phase of the proceedings. *De Ayala*, 193 S.W.3d at 578. Otherwise, the probate order is interlocutory and is not a final judgment. *Id.*

The rulings and orders listed in Appellant's notice of appeal are interlocutory because they do not dispose of all of the issues in a particular phase of the underlying proceeding and because no statute declares them to be final, appealable probate orders. *See id.* This court has no jurisdiction with respect to Appellant's untimely appeal from the interlocutory order appointing a receiver. *See Gibson v. Cuellar*, 440 S.W.3d 150, 153–56 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Fortenberry v. Cavanaugh*, No. 03-07-00310-CV, 2008 WL 4997568, at *23–24 (Tex. App.—Austin Nov. 26, 2008, pet. denied) (mem. op.). Nor do we have jurisdiction to entertain an appeal from (1) the order granting the motion to quash and motion for protective order, (2) the denial of the motion for continuance, (3) the refusal to accept evidence, or (4) the overruling by operation of law of the motions for new trial that relate to the above orders; these are interlocutory and are not being appealed in conjunction with a final, appealable order or judgment.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3.

PER CURIAM

November 6, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.