

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00265-CV
_____

PAT STEVENS AND CHERYL STEVENS, APPELLANTS

V.

JOHN AVENT, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2018-533,023; Honorable Ruben G. Reyes, Presiding

February 9, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Following a bench trial in this breach of contract litigation, Appellants, Pat Stevens and Cheryl Stevens, appeal from the trial court's judgment awarding Appellee, John Avent, $41,423.23 in economic damages and $15,275.00 in attorney's fees in his suit for breach of contract. By their original brief, the Stevenses present three issues challenging the judgment. However, during oral submission of this appeal, counsel for the Stevenses

declared that issue two was being abandoned. By their first issue, the Stevenses challenge the legal sufficiency of the evidence to establish that Avent's damages were reasonable and necessary due to lack of expert testimony and because no other evidence supported the award. By their third issue, they also assert the evidence is legally insufficient to establish that Avent timely "presented" his attorney's fees claim. We affirm.

**BACKGROUND**

On February 6, 2018, John Avent, a homeowner, entered into a contract with Pat and Cheryl Stevens for an outdoor remodeling project on a newly purchased home. The agreed-on price of the renovation was $45,000.00 with an estimated completion date of April 1, 2018. Avent paid a $15,000.00 deposit and the contract provided for two additional payments of $15,000.00.

Avent also had hired another contractor, Mike Larson, to renovate an indoor bathroom and bedroom. After a disagreement, Avent fired Larson. On February 27, the Stevenses offered to have the indoor renovations completed at cost and Avent accepted. The parties amended their original contract which increased the second payment from $15,000.00 to $27,000.00. Avent paid the Stevenses $27,000.00.

As of May 23, 2018, the estimated completion date had passed and Avent was "panicking" and waiting on a brick mason for the outdoor renovations. He suggested the name of an alternate brick mason to Pat Stevens, and he was subsequently hired. The brickwork was completed in mid-June. The Stevenses did not pay the subcontractor and the burden fell on Avent to pay him.

2

Regarding the interior renovation project, Avent testified the Stevenses fired a subcontractor in March due to poor workmanship but arranged for another subcontractor, David Guerrero, to complete the work. According to Avent, Guerrero's work was also unsatisfactory. Guerrero had not properly installed a shower and had also damaged some marble tile. Avent was also concerned about a significant amount of glue that Guerrero had dropped on his living room floor. According to Pat Stevens, Avent fired Guerrero.

When the terms of the original contract were not fulfilled and some of the work was substandard, in July 2018, Avent terminated the contract with the Stevenses. To complete the renovations, Avent was forced to hire and pay his own contractors. He also had to pay two of the Stevenses' unpaid subcontractors. Avent testified he hired Kevin Kouth with Smartscapes of Lubbock to complete the outdoor renovations at a cost of $13,772.00.[1] Avent also hired a contractor to complete the bathroom renovations at a cost of $8,580.00, two electricians at a cost of $2,038.02, and a tile and flooring business to repair and replace damaged floors at a cost of $8,933.21.[2] Avent also issued checks to two of the Stevenses' unpaid subcontractors for $500.00 and $7,600.00.[3] He testified that he compensated the Stevenses' unpaid subcontractors to avoid having a mechanic's

---

[1] During his testimony, Avent was asked if the amount paid to Kouth was for "remedial work," to which he answered affirmatively.

[2] The amounts are supported by Avent's testimony as well as invoices and canceled checks which were admitted into evidence.

[3] Avent notes in his brief that the $8,100 he paid to compensate unpaid subcontractors does not reflect any remedial damages but was instead for services rendered to, but not paid for by the Stevenses. As such, he contends that portion of the damages award should not be disturbed on appeal. Our disposition renders his claim moot.

3

and materialmen's lien filed against his property. He testified all of the amounts he spent were "attributed to what Mr. Stevens was supposed to finish."

Once the project was complete, Avent sued the Stevenses for, among other claims, breach of contract. The Stevenses counterclaimed for breach of contract alleging that notwithstanding their substantial performance, Avent terminated the contracts before completion and failed to pay them the balance of the agreed-on amounts.

During trial, in addition to his own testimony, Avent presented Kouth as an expert witness to demonstrate the necessity of the repairs and reasonableness of the amounts paid. Kouth's testimony was met with numerous objections and contradictory rulings by the trial court throughout the trial. The rulings relevant to Kouth's testimony will be discussed in the analysis of the Stevenses' issue on damages.

Kouth testified he had "13 years solid in the construction aspect of things" in outdoor kitchens and living spaces. At the time of trial, he was a general contractor with the City of Lubbock. He was familiar with preparing bids and estimates for projects and was also familiar with standards of workmanship and the reasonableness of costs and pricing in the Lubbock area.

According to Kouth, when he was hired by Avent, much of the outdoor renovation project was incomplete. When questioned on the reasonableness of the costs to finish the project, Kouth testified they were "very reasonable." He also confirmed that the costs to "fix the Stevens [sic] problems" were necessary. Following Kouth's direct examination, counsel for the Stevenses announced he had no questions for the witness.

4

Pat Stevens testified at trial and acknowledged that his original contract with Avent was for $45,000.00, with an estimated completion date of April 1, 2018. Regarding the $7,600.00 paid to the brick mason by Avent, Stevens testified that he never agreed to pay him because he was not one of his subcontractors. He also denied that Avent had asked him to pay the brick mason.

Stevens admitted that he was dissatisfied with the quality of the work performed on the shower by his subcontractors and he "shut it down." He then hired Guerrero whom he said Avent was "very pleased with," although Avent later complained about edges of the tile that "were raised a little bit." According to Stevens, Avent fired Guerrero without his knowledge and retained another contractor to continue the indoor renovations. Stevens claimed he was not given an opportunity to remedy any alleged defects.

At the conclusion of all the testimony, the trial court asked for briefing on the issue of whether Kouth's testimony as a fact witness only could support Avent's claim for remedial damages. Subsequently, the trial court entered judgment in favor of Avent for $41,423.23 (the sum of Avent's out-of-pocket expenses to which he testified to complete the contract).

After entry of the judgment, the Stevenses requested the trial court to enter *Findings of Fact and Conclusions of Law*. As relevant to this appeal, the trial court made the following finding:

> 9. The total reasonable and necessary cost of repairs to complete the project, remedy the defects in the Stevens [sic] workmanship, to compensate unpaid subcontractors, and to accomplish a satisfactory condition was $41,423.23. These damages are broken down into three categories as follows:

(1) The cost of repair and completion for the outdoor living space (recovery sought under [Avent's] breach of contract and breach of implied warranty claims):

| | |
|---|---|
| Alvin Holder Electric | $723.02 |
| Neill Electric | $1,315.00 |
| Smartscapes of Lubbock | $13,772.00 |

(2) The cost of repair and completion for the bathroom (recovery sought under the breach of contract and breach of implied warranty claims)

| | |
|---|---|
| Carlos Regalado | $8,580.00 |
| Tile Tech - Roy Lopez | $5,168.00 |
| Cost of tile to replace damaged floor and shower | $3,765.21 |

(3) The amounts paid by [Avent] to unpaid subcontractors (recovery sought under [Avent's] breach of contract and equitable claims):

| | |
|---|---|
| David Guerrero | $500.00 |
| Aaron Aguero | $7,600.00 |

Finding of Fact Number 10 recites that "Avent incurred reasonable and necessary attorney's fees in the amount of $15,275.00." Finding of Fact Number 11 recites that the findings are based on evidence, "including, but not limited to, the conflicting testimony and credibility of the witnesses. The Court notes the multiple inconsistencies in the testimony of the Defendant Pat Stevens as well as contradictions of his testimony with the documentary evidence introduced at trial."

To preserve their argument for appeal, the Stevenses requested that the trial court enter an additional finding of fact pertaining to the award of attorney's fees as follows: "Jon Avent presented a claim for payment that remained unpaid after thirty days." The trial court made the additional finding.

Here, the Stevenses express disagreement with the trial court's findings that they failed to timely perform under the contract, failed to perform the work in a workmanlike manner, and that they failed to make payments to several contractors. They also dispute that Avent presented his attorney's fees claim.

STANDARD OF REVIEW

In an appeal from a bench trial, the trial court's findings of fact and conclusions of law have the same weight as a jury verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). Consequently, challenges to the sufficiency of the evidence to support a trial court's findings of fact are reviewed under the same standards used to review a jury's findings. *Id.*

Under a legal sufficiency standard, we consider all of the evidence in the light most favorable to the prevailing party, make every reasonable inference in that party's favor, and disregard contrary evidence unless a reasonable fact finder could not disregard that evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A legal sufficiency challenge may only be sustained when the record discloses (a) a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence, or (d) the evidence conclusively establishes the opposite of the vital fact in question. *Id.* at 810. Evidence does not exceed a scintilla if it is so weak as to do no more than to create a mere surmise or suspicion that the fact exists. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

7

## ISSUE ONE—LEGAL SUFFICIENCY OF THE EVIDENCE TO SUPPORT REMEDIAL DAMAGES

Remedial damages are determined by "the cost to complete or repair less the unpaid balance on the contract price." *McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012). A party seeking remedial damages must prove those damages were reasonable and necessary. *Id.* Some courts have held that the magic words "reasonable" and "necessary" need not be used as long as there is sufficient evidence for the trier of fact to conclude that repairs were necessary and costs were reasonable. *See CCC Group*, *Inc. v. South Cent. Cement, Ltd.*, 450 S.W.3d 191, 200 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Ron Craft Chevrolet*, *Inc. v. Davis*, 836 S.W.2d 672, 677 (Tex. App.—El Paso 1992, writ denied); *Carrow v. Bayliner Marine Corp.*, 781 S.W.2d 691, 694 (Tex. App.—Austin 1989, no writ).

### ANALYSIS

To bolster their argument that expert testimony was required to support remedial damages, the Stevenses rely heavily on *Wortham Bros.*, *Inc. v. Haffner*, 347 S.W.3d 356, 361 (Tex. App.—Eastland 2011, no pet.), a roofing repair case, which held that matters involving specialized or technical knowledge require expert testimony. Other courts have also held that the necessity and reasonableness of repair costs falls within the exclusive province of an expert. *See id.* (citations omitted). *See also Pjetrovic v. Home Depot*, 411 S.W.3d 639, 649 (Tex. App.—Texarkana 2013, no pet.) (holding that a determination of the reasonableness of costs to perform major home renovations requires specialized knowledge, skill, experience, or training that the average layperson lacks).

The Texas Supreme Court has not squarely addressed the issue but in *Reid Rd. Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores*, *Ltd.*, 337 S.W.3d 846, 850-51 (Tex.

8

2011), the Court observed that a witness with specialized training may testify based on firsthand knowledge, personal perception, and opinions without an expert witness designation if the testimony would be admissible under the narrower confines of Rule 701 of the Texas Rules of Evidence. Rule 701 provides as follows: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness' perception and (b) helpful to clearly understanding the witness' testimony or to determining a fact in issue." TEX. R. EVID. 701.

The Stevenses complained in the trial court that after Avent designated Kouth as an expert witness, Avent did not comply with Rule 194.2(f)(3) of the Texas Rules of Civil Procedure, by providing a brief summary of the basis of the expert's mental impressions and opinions.[4] Thus, they requested that any testimony from Kouth be excluded. After Avent responded to the objection to his expert witness, the trial court overruled the Stevenses' objection. The Stevenses presented further argument after which the trial court reversed itself and announced, "[Kouth] is not going to testify right now."

Avent then argued that Kouth could testify as a fact witness as to the reasonableness and necessity of completing the renovations. The trial court then sustained the Stevenses' objection to Kouth's testifying as an expert and announced, "[y]ou can present the testimony of Mr. Kouth." The trial court then added, "I will take [his] testimony as an offer of proof."

---

[4] *See* Rule 195.5(a)(3) of the Texas Rules of Civil Procedure for a list of disclosures required by an expert following amendments to Rule 194.2, effective January 1, 2021.

9

When the trial resumed the next day, the trial court announced it had read the case law provided the day before by Avent's counsel and announced, "the Court reverses its decision [sic] yesterday, and instead overrules [the Stevenses'] objection. So the offer of proof that was provided by [Avent] yesterday with regard to Mr. Kouth will be taken as evidentiary consideration." Later in the trial, the parties again argued over whether Kouth's testimony surprised the Stevenses. Once again, the trial court reversed its earlier ruling and announced, "the Court does sustain [the Stevenses'] objection to this gentleman, Mr. Kouth, testifying as an expert. . . . So [Kouth] is still out."[5] The trial court made the following statements:

> Court: Mr. Kouth was also identified as a fact witness, and because he is one and the same who was retained not just as an expert who didn't do the work, he is the guy that actually came in and did the work. Okay? So he can testify about what he did, which leads me then to this question.
>
> ***
>
> If you are content with me considering Mr. Kouth as a fact witness and not considering his testimony as an expert witness because you do not believe that his expert opinion is necessary to get the relief you are requesting on behalf of your client, I can do that.
>
> ***
>
> So your call is are you comfortable with me considering his testimony as a fact witness, you do not need him as an expert witness, and we proceed, or do you wish me to abate?

After counsel discussed the trial court's proposal with Avent, counsel informed the trial court as follows: "I think we could probably adopt the fact portion of Mr. Kouth's testimony. . . . [w]e want to move forward with recognizing Mr. Kouth as a fact witness."

---

[5] In his *Brief of Appellee*, Avent claims the trial court should have considered Kouth's testimony as an expert opinion. However, Avent did not present a cross-issue challenging the trial court's ruling. Neither did he seek to alter the trial court's judgment. *See* TEX. R. APP. P. 25.1(c). Thus, we need not address any alleged error by the trial court in disallowing Kouth from testifying as an expert witness.

After the announcement, the trial court asked counsel for the Stevenses if there was anything he wished to state on the record, to which he replied, "No, Your Honor."

The trial court's contradictory rulings regarding Kouth's testimony notwithstanding, the parties disagree to what extent, if any, Kouth's testimony was considered in issuing a judgment favorable to Avent. The Stevenses assert that the only testimony in support of Avent's claim was his own. They contend that Kouth's testimony was not admitted into evidence and is in the record only as "an offer of proof" that the trial court did not consider.

A careful review of the trial court's rulings reveal that Kouth's testimony was ultimately considered, albeit only as a fact witness. No objection was presented to Kouth's testimony as a fact witness and he was not cross-examined. Thus, the trial court considered more than only Avent's testimony. And even if the trial court had disregarded Kouth's testimony as a fact witness, the Stevenses acknowledge in their brief that "Avent did introduce evidence about the amounts of his remediation damages."

Although the cases relied on by the Stevenses are persuasive authority on whether expert testimony was required to show that Avent's repairs were necessary and the costs reasonable, this court is not obligated to follow our sister courts. Texas appellate courts are obligated to follow only higher Texas courts and the United States Supreme Court. *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993). We decline to establish a bright-line rule that expert testimony is required to support an award of remedial damages under the circumstances of the underlying case. Instead, given the trial court's ultimate ruling to consider Kouth as a fact witness, we apply the logic of the Supreme Court in *Speedy Stop Food Stores.* Kouth, a contractor, had personal

11

knowledge of the necessity of the renovations based on his perception of the work he performed. He also had personal knowledge of the reasonableness of costs in the Lubbock area. His testimony was helpful in determining a fact issue and was admissible under Rule 701 of the Texas Rules of Evidence. Avent was not required to present him as an expert witness to support his claim for remedial damages.[6] Kouth's non-expert testimony and Avent's testimony together with the exhibits admitted constitute legally sufficient evidence to support the trial court's award of remedial damages and defeat the Stevenses' argument that no evidence supports the award. Issue one is overruled.

### ISSUE THREE—SUFFICIENCY OF THE EVIDENCE TO SUPPORT ATTORNEY'S FEES

Section 38.001 of the Texas Civil Practice and Remedies Code provides for recovery of reasonable attorney's fees for breach of an oral or written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West Supp. 2021). To recover attorney's fees under section 38.001, a party must prevail on his contractual claim and recover damages or other meaningful relief. *Rohrmoos Venture v. UTSW DVA Healthcare*, *LLP*, 578 S.W.3d 469, 486 (Tex. 2019); *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013).

Section 38.002 requires (1) a claimant to be represented by an attorney; (2) presentment of the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered

---

[6] Interestingly, when Pat Stevens testified during direct examination, he was asked whether the amount paid to Kouth by Avent was a reasonable amount. When Avent's counsel objected that Stevens had not been designated as an expert, the trial court ruled it would accept Stevens's testimony as a fact witness, not an expert. After several more objections by Avent's counsel during Stevens's direct testimony, counsel for Stevens responded, "[h]e bid the job" and his testimony was "proper lay opinion testimony" and "facts within his knowledge." Here, the Stevenses are arguing against the same strategy they employed during their case-in-chief and to support their counterclaim.

before the expiration of the thirtieth day after the claim is presented. § 38.002 (West 2015). Presentment is required to allow the party against whom the claim is made an opportunity to pay within thirty days after receiving notice of the claim without incurring an obligation for attorney's fees. *Gibson v. Cuellar*, 440 S.W.3d 150, 157 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Although no particular form for presentment is required, merely filing a suit for breach of contract, by itself, does not constitute presentment. *Genender v. USA Store Fixtures*, *L.L.C.*, 451 S.W.3d 916, 924 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Presentment must be pleaded and proved. *Lyon v. Bldg. Galveston*, *Inc.*, No. 01-15-00664-CV, 2017 Tex. App. LEXIS 9610, at *11 (Tex. App.—Houston [1st Dist.] Oct. 12, 2017, pet. denied) (mem. op.). However, in the absence of a special exception pointing out the lack of specific pleading of presentment, a pleading is construed liberally in favor of the pleader, and if the pleading gives "fair notice" that the party is seeking to recover attorney's fees under chapter 38, it is sufficient. *See id.* at *25 (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000)). *See also* *Gibson*, 440 S.W.3d at 157 (noting that failure to specially except to lack of specific identification of attorney's fees statute resulted in liberal construction of pleadings in favor of the pleader).

**ANALYSIS**

The Stevenses challenge the legal sufficiency of the evidence to support the trial court's finding that Avent presented his claim for attorney's fees and that it remained unpaid for thirty days. They assert there is "a complete absence of evidence of a vital fact, i.e., presentment at least thirty days before trial."

In his original petition, Avent's request for attorney's fees is alleged only in the prayer. He requested "[j]udgment against Defendant[s] for attorney's fees incurred in this matter[.]" We agree with the Stevenses that Avent did not plead presentment by alleging that all conditions precedent had been met.[7] However, in the absence of a special exception by the Stevenses to that omission and having to construe Avent's pleadings liberally in his favor, we find that his general request for attorney's fees in the prayer of his original petition provided fair notice that he was seeking attorney's fees. *See Tull v. Tull*, 159 S.W.3d 758, 762 (Tex. App.—Dallas 2005, no pet.). *See also Dean Foods Co. v. Anderson*, 178 S.W.3d 449, 453 (Tex. App.—Amarillo 2005, pet. denied) (finding that a general request for attorney's fees was sufficient). *But see Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 884 (Tex. App.—Dallas 2009, no pet.) (noting that a general prayer for relief, i.e., "such other and further relief" will not generally support an award of attorney's fees but the opposing party should use special exceptions to identify defects in a pleading so that they may be cured). Here, the request for attorney's fees went beyond a request for "such other and further relief." We conclude that in the absence of a special exception by the Stevenses to Avent's lack of presentment, the

---

[7] We note the Stevenses do not contest the sufficiency of the evidence to support the award of attorney's fees.

prayer in Avent's original petition provided fair notice that he was seeking attorney's fees. Issue three is overruled.

**CONCLUSION**

The trial court's judgment awarding Avent $41,423.23 in damages and $15,275.00 for attorney's fees is affirmed.

Patrick A. Pirtle
Justice
