**Opinion filed July 28, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00190-CV

_____

## WORTHAM BROS., INC., Appellant

## V.

## EDDIE HAFFNER AND BETH HAFFNER, Appellees

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CV0611447

### O P I N I O N

This is an appeal from a bench trial.  Appellees, Eddie and Beth Haffner, filed a DTPA action against appellant, Wortham Bros., Inc., in connection with roofing jobs performed by Wortham Bros. on houses owned by the Haffners.  The trial court found in favor of the Haffners on all issues.   The central issue in this appeal focuses on the extent that a property owner may testify regarding repairs made to his or her property in support of a recovery of damages.  We reverse and render on the basis that there was no competent evidence supporting an award of damages.

*Background Facts*

In the aftermath of a hailstorm occurring in May 2006, the Haffners contracted with Wortham Bros. to replace the roofs on three structures that they owned in Brownwood. This appeal concerns the work performed on two of these structures. These structures included the Haffners' home located at 2001 Belmeade Drive and a "four-plex" located at 1912 First Street. We will refer to these structures by their addresses.

The first roof replacement occurred on 1912 First Street. The written contract executed by the Haffners and Wortham Bros. for this structure specified that the existing roof would be torn off and replaced at a cost of $8,492.41. Wortham Bros. subcontracted with Ernest Staton, a roofing contractor from Mansfield, to perform the work on 1912 First Street. The Haffners paid Wortham Bros. $8,492.41 after Staton completed the work on this structure.

Wortham Bros. agreed to replace the roof on 2001 Belmeade Drive for $6,420.67. Wortham Bros. subcontracted with Jessica Rivera to perform the work on this structure. At the time that Rivera completed the work on 2001 Belmeade Drive, the Haffners were dissatisfied with the work performed on both structures. Accordingly, the Haffners withheld payment from Wortham Bros. for the roof replacement at 2001 Belmeade Drive.

Eddie Haffner testified that the roof on 1912 First Street leaked after Wortham Bros. replaced the roof on it and that light was visible coming through the roof. He testified that the preexisting roof was not torn off as required by the contract, but was re-covered. Haffner also testified that the roof on a flat portion of the structure was not replaced although the contract called for it. He further asserted that Wortham Bros. did not check the quality of the decking as required by the contract. With respect to the roof replacement at 2001 Belmeade Drive, Haffner testified that he had seven leaks in his home after the work was performed. He also was dissatisfied that nails were protruding through the underneath side of the eaves of his home. The Haffners were so dissatisfied with the work performed by Wortham Bros. that they retained another roofing company a few months later to completely remove and replace the roofs on 1912 First Street and 2001 Belmeade Drive. The Haffners paid Campbell Construction and Roofing $12,780 for the new roof on 1912 First Street and $7,500 for the new roof on 2001 Belmeade Drive.

Wortham Bros. added Staton and Rivera as third-party defendants to the action. Staton entered an appearance and participated at trial, but Rivera did not. The trial court found that

2

Wortham Bros. knowingly engaged in false, misleading, or deceptive trade practices with respect to 1912 First Street and 2001 Belmeade Drive in the following respects: breaching express and implied warranties; causing confusion or misunderstanding as to the source of services; representing that goods or services are of a particular standard, quality, or grade when they were of another; representing that work or services had been performed when they had not been performed; representing that parts had been replaced when they had not been replaced; and knowingly engaging in unconscionable conduct.

The trial court determined that the Haffners incurred actual damages of $14,836.19 for 1912 First Street and $4,317.30 for 2001 Belmeade Drive for a total amount of actual damages of $19,153.49. Based upon its determination that Wortham Bros.'s conduct was committed knowingly, the trial court trebled the damage amount recoverable by the Haffners from Wortham Bros. to $57,460.47.

The trial court additionally entered findings attributing the percentage of responsibility for damages between Wortham Bros., Rivera, and Staton. With respect to the damages for 2001 Belmeade Drive, the trial court attributed sixty percent responsibility to Wortham Bros. and forty percent to Rivera. The trial court granted Wortham Bros. judgment against Rivera for $1,726.92 for 2001 Belmeade Drive based upon this determination. With respect to the damages for 1912 First Street, the trial court attributed sixty percent responsibility to Wortham Bros., thirty percent to Staton, and ten percent to Rivera. Accordingly, the trial court additionally granted Wortham Bros. judgment against Staton for $4,450.86 and against Rivera for $1,483.62 for 1912 First Street.

*Issues*

Wortham Bros. raises four issues on appeal. It asserts in its first issue that there is legally insufficient evidence to support the award of damages. In its second issue, Wortham Bros. challenges the mathematical calculations used by the trial court to determine actual damages. In its third issue, Wortham Bros. challenges the legal sufficiency of the evidence to support the trial court's finding that its conduct was committed knowingly. Wortham Bros. asserts in its fourth issue that the trial court erred in trebling the entire amount of actual damages instead of only sixty percent as determined by the trial court in apportioning responsibility between Wortham Bros., Staton, and Rivera. As set forth below, we conclude that the first issue is meritorious.

3

Accordingly, we need not address the remaining issues because the first issue is dispositive of the entire case.

*Standard of Review*

A trial court's findings of fact in a bench trial are reviewed for legal and factual sufficiency under the same standards used to review a jury's verdict on jury questions. *Kennon v. McGraw*, 281 S.W.3d 648, 650 (Tex. App.—Eastland 2009, no pet.). When an appellant attacks the legal sufficiency of an adverse finding on an issue for which it did not have the burden of proof, it must demonstrate that there is no evidence to support the adverse finding. C*roucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). In considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the prevailing party and indulge every inference in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We must credit any favorable evidence if a reasonable factfinder could and disregard any contrary evidence unless a reasonable factfinder could not. *Id*. at 821-22, 827. We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id*. at 810; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

*Evidence of Damages*

The Haffners predicated their damage claims on the recovery of their repair costs. Specifically, they asserted that the repairs performed by or on behalf of Wortham Bros. were essentially worthless and that they were entitled to recover the money they paid to Wortham Bros., as well as the money they paid for Campbell Construction and Roofing to replace the work performed by Wortham Bros., less their insurance recoveries for hail damage. The trial court employed this methodology in calculating actual damages.[1] Wortham Bros. asserts that the Haffners' evidence of repair costs was legally insufficient because it was not supported by expert testimony. We agree.

At the outset of trial, Wortham Bros. presented a motion in limine seeking to exclude any expert testimony on the basis that the Haffners did not designate any experts in discovery with

---

[1]As noted previously, the trial court's method of calculating actual damages is an issue on appeal. In light of our holding, we express no opinion on the trial court's methodology for determining damages in this case.

the exception of an expert on attorney's fees. The Haffners responded by asserting that they were entitled to testify as property owners about the condition of their property. The trial court ruled that it would not permit any fact witnesses to offer expert testimony other than the Haffners "because they are the owners of the property in issue." The case proceeded to trial in accordance with this pretrial ruling. The Haffners did not offer any expert testimony pertaining to the necessity of the subsequent repairs or the reasonableness of the charges assessed by Campbell. Through their own testimony, the Haffners presented evidence of the costs of repairs charged by Wortham Bros. and Campbell Construction and Roofing to support their claim for damages.

A party seeking to recover damages measured by the cost of repair must present competent evidence so that the trier of fact is justified in finding that the repairs are necessary to restore the property to its former condition and that the cost of repairs is reasonable and fair. *See Hernandez v. Lautensack*, 201 S.W.3d 771, 776-77 (Tex. App.—Fort Worth 2006, pet. denied); *Ebby Halliday Real Estate, Inc. v. Murnan*, 916 S.W.2d 585, 589 (Tex. App.—Fort Worth 1996, writ denied); *Liptak v. Pensabene*, 736 S.W.2d 953, 958 (Tex. App.—Tyler 1987, no writ). The magic words "reasonable" and "necessary" need not be used as long as there is sufficient evidence for the trier of fact to conclude that the repairs are necessary and the cost is reasonable. *Ron Craft Chevrolet, Inc. v. Davis*, 836 S.W.2d 672, 677 (Tex. App.—El Paso 1992, writ denied); *Carrow v. Bayliner Marine Corp.*, 781 S.W.2d 691, 694 (Tex. App.—Austin 1989, no writ).

Some courts have held that evidence pertaining to the necessity and reasonableness of repair costs falls within the exclusive domain of an expert. *See Legacy Motors, LLC v. Bonham*, No. 02-07-00065-CV, 2007 WL 2693863, at *4 (Tex. App.—Fort Worth Sept. 13, 2007, no pet.) (mem. op.); *Ha v. W. Houston Infiniti, Inc.*, No. 01-94-00884-CV, 1995 WL 516993, at *2 (Tex. App.—Houston [1st Dist.] Aug. 31, 1995, writ denied) (op. on reh'g) (not designated for publication); *see also Executive Taxi/Golden Cab v. Abdelillah*, No. 05-03-01451-CV, 2004 WL 1663980, at *1 (Tex. App.—Dallas July 19, 2004, pet. denied) (mem. op.) (stating that an estimate without the testimony of the person making the estimate or other expert testimony is no evidence of the necessity of the repair or the reasonableness of the costs of the repair) (citing *Jordan Ford, Inc. v. Alsbury*, 625 S.W.2d 1, 3 (Tex. Civ. App.—San Antonio 1981, no writ)). As a general rule, matters involving specialized or technical knowledge require expert testimony. *See FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 90-91 (Tex. 2004). The necessity of

subsequent, total roof replacements performed immediately after the work performed by and on behalf of Wortham Bros. and the reasonableness of the cost of the subsequent roof replacements are matters of a specialized and technical nature. Accordingly, we conclude that expert testimony was required to establish the necessity and reasonableness of the subsequent roof replacements.

We disagree with the trial court's determination that the Haffners' status as property owners qualifies them to offer an opinion on the necessity and reasonableness of repair costs. Under the "Property Owner Rule," a property owner is generally qualified to testify as to the value of his or her property even if he or she is not an expert and would not be qualified to testify as to the value of other property. *Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 852-53 (Tex. 2011); *see Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984). This rule is based on the presumption that an owner will be familiar with his or her own property and know its value. *Reid Road Mun. Util. Dist. No. 2*, 337 S.W.3d at 853. This presumption does not extend to the reasonable cost of repairing the owner's property particularly when those repairs are of a technical or specialized nature.

The Haffners presented a great deal of evidence to support the trial court's findings that the roof repairs performed by or on behalf of Wortham Bros. were deficient. Thus, the record contains evidence of the necessity of *some* subsequent repairs. However, there is no expert testimony that the roofing work by Wortham Bros. had to be completely removed and replaced. Furthermore, there is no competent evidence of the reasonableness of the costs of the subsequent roofing work performed by Campbell Construction and Roofing. In this regard, the Haffners' testimony regarding the costs of the subsequent roofing work does not constitute evidence of the reasonableness of those costs.

The Haffners cite *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986), for the proposition that a factfinder can form its own opinion on damages based upon its own experience and common experience. An expert in *McGalliard* testified that the cost necessary to sufficiently repair a home would be $113,088.31. 722 S.W.2d at 696. However, the trial court, sitting as the factfinder, only awarded actual damages of $12,500. *Id*. at 695. The intermediate court of appeals modified the trial court's damage award to $113,088.31 on the basis that the expert's damage testimony was uncontroverted. *Id*. at 696. The supreme court reversed the intermediate court of appeals on the rationale that expert testimony does not establish any

6

material fact as a matter of law even if the expert testimony is uncontroverted. *Id*. at 697. The supreme court held that the trier of fact is afforded considerable discretion in evaluating opinion testimony from an expert on the issue of damages. Thus, the holding in *McGalliard* applies to a situation where the factfinder awards a lesser amount of damages than indicated by the evidence. It does not stand for the proposition that the factfinder may award damages for the cost of repairs based upon its own experience and knowledge in the absence of competent evidence of damages.[2]

The Haffners cite *Terminix Int'l, Inc. v. Lucci*, 670 S.W.2d 657, 664 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.), in support of their contention that a homeowner may testify as to the reasonable cost of home repairs. The repairs at issue in *Terminix* constituted $50 for supplies used to make stop-gap, remedial repairs in the face of termite damage. 670 S.W.2d at 664. *De minimis* repairs of this nature are much different than the replacement of two recently installed roofs at a cost of several thousand dollars.

Lastly, the Haffners contend that David Wortham of Wortham Bros. testified that the repair costs charged by Campbell Construction and Roofing were reasonable. We disagree with this reading of Wortham's testimony. The Haffners' attorney first asked Wortham if the amounts charged by Wortham Bros. were "fair and reasonable." Wortham replied to this question by stating: "All I can answer is that it was per contract." Counsel then asked Wortham if the amounts charged by Campbell Construction and Roofing were fair and reasonable. Wortham responded on multiple occasions that it would be hard for him to evaluate the amounts charged by Campbell Construction and Roofing because of the increased costs of roofing materials. In one instance, counsel asked Wortham if the amounts charged by Campbell Construction and Roofing "run the same as what your bid is, then you would assume it to be a fair price because you guys would not be charging something that is not fair, would you?" Wortham replied by saying: "I will go with that." This statement is simply too vague and indefinite to constitute evidence of the reasonableness of the repair costs charged by Campbell Construction and Roofing.

In the absence of evidence regarding the necessity of the subsequent, total roof replacements and the reasonableness of their costs, there is no evidence to support the trial

---

[2]We are mindful of the statement made by the Texas Supreme Court in *McGalliard* wherein the court stated: "We do not believe the subject of house repairs to be one for experts or skilled witnesses alone." 722 S.W.2d at 697. This statement must be read in the context of the facts in *McGalliard* as set forth above.

court's finding of actual damages. Appellant's first issue is sustained. As noted previously, we need not address the remaining issues because of our disposition of the first issue.

*This Court's Ruling*

The judgment of the trial court is reversed, and judgment is rendered in favor of Wortham Bros., Inc.


TERRY McCALL

JUSTICE


July 28, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.