# NO. 12-16-00142-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KNIGHT RENOVATIONS, LLC,* *APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *CHARLES R. THOMAS,* *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *OPINION*

Knight Renovations, LLC (Knight) appeals from an adverse judgment rendered in favor of Charles R. Thomas in this construction contract dispute. In seven issues, Knight assails the damages awards. We affirm in part and reverse and render in part.

## BACKGROUND

In 2012, Thomas hired Knight to rebuild his home after it was partially destroyed by fire. Thomas agreed to pay $78,004.30. During the course of the work, Thomas paid two installments, totaling $54,853.02. The work took longer than promised, and because he felt the work was not complete or performed properly, Thomas did not make the final payment. Knight sued Thomas for breach of contract, quantum meruit, fraud, and for a declaratory judgment that Thomas acted in violation of the property code by misusing the insurance proceeds. Thomas filed a counterclaim for breach of contract, breach of warranty, and deceptive trade practices act violations. In response, Knight asserted several affirmative defenses. Trial was to the court, which rendered judgment in Thomas's favor, awarding him $35,000 in actual damages and $70,000 in exemplary damages, as well as attorneys' fees, interest, and court costs.

In its first three issues, Knight asserts that the trial court erred in awarding Thomas $35,000 in damages because there is no evidence to support the award.  It argues that, because Thomas did not present any expert testimony or any competent evidence of damages actually incurred, the trial court should have rendered a take-nothing judgment against him.

**Standard of Review**

A trial court's fact findings are reviewable for legal and factual sufficiency of the evidence by the same standards we apply in reviewing the evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).  When an appellant attacks the legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof, the appellant must demonstrate on appeal that there is no evidence to support the adverse finding. *Univ. Gen. Hosp., L.P. v. Prexus Health Consultants, LLC*, 403 S.W.3d 547, 550 (Tex. App.−Houston [14th Dist.] 2013, no pet.).  We must sustain a no evidence contention only if (1) the record reveals a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact.  *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005); *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that supports it. *Univ. Gen. Hosp., L.P.*, 403 S.W.3d at 550.  The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review.  *City of Keller*, 168 S.W.3d at 827.  We credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.  *Id*.  The trier of fact is the sole judge of the witnesses' credibility and the weight to afford their testimony.  *Id*. at 819.

**Applicable Law**

One measure of damages for breach of a construction contract is remedial damages, which is the cost to complete or repair less the unpaid balance on the contract price.  *McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012) (per curiam).  The remedial measure applies whenever the breaching party has substantially complied with the terms of the contract. *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 164 (Tex. 1982).  A party seeking

2

to recover remedial damages must prove that the damages sought are reasonable and necessary. *McGinty*, 372 S.W.3d at 627. To establish that, the plaintiff must show more than simply the nature of the injuries, the character of and need for the services rendered, and the amounts charged therefor. *Id*. Where there has not been substantial performance, the measure of the owner's damage is the difference between the value of the building as constructed and its value had it been constructed in accordance with the contract. ***Brookhollow, Inc.***, 642 S.W.2d at 164.

The personal experience and knowledge of a lay witness may establish that the witness is capable, without qualification as an expert, of expressing an opinion on a subject outside the realm of common knowledge. *See **Hathcock v. Hankook Tire Am. Corp.***, 330 S.W.3d 733, 747 (Tex. App.–Texarkana 2010, no pet.). It is only where the fact finder may not fully understand the evidence or be able to determine the fact in issue without the assistance of someone with specialized knowledge that a witness must be qualified as an expert. *Id*.

In general, the inquiry is whether the topic is of such a nature as not to be within the experience of the layman. *See **FFE Transp. Servs., Inc. v. Fulgham***, 154 S.W.3d 84, 90 (Tex. 2004). The determination whether expert testimony is necessary is a question of what weight should be given to the non-expert evidence in the record, a question of law. *Id*. at 89. Therefore, de novo is the appropriate standard of review in this context. *Id*.

## Analysis

Knight argues that Texas law requires expert testimony to establish that repair damages are reasonable and necessary. Thomas responds that he provided competent evidence including the report generated by insurance adjuster John Beasley, photographs of the property, and Thomas's observation of the property and of Knight's work.[1]

Beasley, an independent claims adjuster, was sent to Thomas's house to document the damage and create a report. He investigated, gathered information, and entered the information into his computer. His computer program applied a cost or value based on industry standards.

---

[1] The trial court did not make a finding of fact regarding whether Knight substantially complied with the contract. Both parties argue that the applicable measure of damages in this case is the remedial measure. In its requested findings of fact, Knight asked the court to find that it repaired all fire related damages per the terms of the written contract in a good and workmanlike manner. We interpret this as a request for a finding that it did not breach the contract, rather than a request for a finding that it substantially performed under the contract. The court made no changes to its findings. Thomas did not present any evidence of the difference in the value of the home as constructed and the value had it been constructed in accordance with the contract. *See **Brookhollow, Inc.***, 642 S.W.2d at 164. Our discussion will therefore focus on the remedial measure of damages.

His report itemized needed repairs, including components that needed to be replaced, and identified replacement cost values. He listed the total actual cash value of all repairs, minus the deductible, to be $75,738.80. Thomas's counsel stated on the record that he called Beasley as a fact witness, not as an expert witness.

Expert testimony is offered when specialized knowledge will assist the trier of fact. *See* Tex. R. Evid. 702. The Eastland Court of Appeals has held that the necessity of a total roof replacement, and the reasonableness of the cost incurred, are matters of a specialized and technical nature requiring expert testimony. ***Wortham Bros., Inc. v. Haffner***, 347 S.W.3d 356, 361 (Tex. App.−Eastland 2011, no pet.). Likewise, the Texarkana Court of Appeals has held that a determination of the reasonableness of costs to perform major home renovations requires specialized knowledge, skill, experience, or training that the average layperson lacks. ***Pjetrovic v. Home Depot***, 411 S.W.3d 639, 649 (Tex. App.−Texarkana 2013, no pet.).

A witness with specialized training may, however, testify based on firsthand knowledge, personal perception, and opinions without an expert witness designation. ***Reid Rd. Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.***, 337 S.W.3d 846, 850-51 (Tex. 2011). When the main substance of a witness's testimony is based on application of his specialized knowledge, skill, experience, training, or education to his familiarity with the property, the testimony will generally be expert testimony within the scope of Rule 702. ***Id.*** at 851. In that instance, the witness must be properly disclosed and designated as an expert. ***Id***. In contrast, Rule 701 allows a lay witness to testify regarding his opinions that are based on his perceptions. *See* Tex. R. Evid. 701. However, Rule 701 does not apply where the testimony does not demonstrate that the witness's opinion is not substantively based on his specialized knowledge, experience, training, and expertise. ***Reid Rd. Mun. Util. Dist. No. 2***, 337 S.W.3d at 852.

Beasley testified as to his experience, knowledge, and expertise and stated that he inspected Thomas's house in the course of doing his job. Therefore, Beasley's damages opinion, in substance, was based on his expertise, that is, his knowledge, background, and experience, not merely his personal familiarity with the property. Rule 701 does not apply because his damages testimony is not based on his perceptions as a lay witness. *See id*. Further, because he was not disclosed as an expert, his testimony cannot be considered expert testimony. The supreme court has warned that courts should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process. ***Id***. at 851.

Even in cases where experts have been properly designated, the plaintiff must present evidence of reasonableness. *See **McGinty***, 372 S.W.3d at 627-28. Beasley's computer program, which was based on industry standards, was not proof of reasonableness. *See **id***. In his testimony, Beasley never addressed the reasonableness of the values identified in his report.

Thomas testified regarding his damages. He admitted that he has limited knowledge of carpentry and, other than a summer job in high school, no experience in construction. In support of his request for damages, he testified that he knows the quality of the house and what the value of the house is to him. He said it would take around $35,000 to rebuild the house the way it should be. Thomas believes that to be a fair and reasonable amount.

Under what is known as the "property owner rule," a property owner can testify to the market value of his own property. ***Porras v. Craig***, 675 S.W.2d 503, 504 (Tex. 1984). But the rule is limited to the market value of the property. ***Pjetrovic***, 411 S.W.3d at 648. Accordingly, Thomas's testimony, as the property owner, does not support an award for repair costs. *See **id**.*; ***Wortham Bros., Inc.***, 347 S.W.3d at 361.

However, proof of some property damage may be a matter of personal observation and common sense within the scope of lay testimony. *See **U.S. Fire Ins. Co. v. Lynd Co.***, 399 S.W.3d 206, 217 (Tex. App.−San Antonio 2012, pet. denied) (op. on reh'g). In his brief, Thomas itemized his damages, specifying Beasley's replacement cost value as recited in Beasley's report. The total replacement cost value of those items is $36,694.55. We conclude this type of damage evidence is similar to proof of the amounts charged or paid, which does not establish reasonableness. *See **Mustang Pipeline Co. v. Driver Pipeline Co.***, 134 S.W.3d 195, 201 (Tex. 2004) (per curiam). Although a lay witness with personal knowledge may be qualified to testify regarding the costs of repair, Thomas did not testify as to any specifics indicating that he had any basis for his opinions on the costs to repair his property, other than reliance on Beasley's estimate. *See **Lone Starr Multi-Theatres, Ltd. v. Max Interests, Ltd.***, 365 S.W.3d 688, 703 (Tex. App.−Houston [1st Dist.] 2011, no pet.). A lay person's opinion must be one that a person could normally form from observed facts. *See **Health Care Serv. Corp. v. East Tex. Med. Ctr.***, 495 S.W.3d 333, 339 (Tex. App.−Tyler 2016, no pet.). Thus, Thomas's testimony regarding costs, including his conclusory statement that the prices listed in the adjuster's report are fair and reasonable, does not constitute evidence of reasonableness. *See **Pjetrovic***, 411 S.W.3d at 649; ***Wortham Bros., Inc.***, 347 S.W.3d at 361.

Thomas did not present expert testimony of repair costs and the lay testimony he presented does not support an award for repair costs. Furthermore, Thomas presented no evidence that the damages sought were reasonable. *See McGinty*, 372 S.W.3d at 627. Because Thomas offered no competent evidence of repair costs, we must conclude that the evidence is legally insufficient to support the $35,000 damages award.[2] *See City of Keller*, 168 S.W.3d at 810. We sustain Knight's first, second, and third issues.[3]

## QUANTUM MERUIT

In its seventh issue, Knight asserts that the trial court erred when it failed to issue a ruling regarding Knight's quantum meruit cause of action. Knight contends that it presented uncontroverted expert testimony that the work it performed had a value of $78,004.30 and Thomas retained the benefits of that work without paying the full amount owed. Citing rule of civil procedure 298, Knight argues that, because the trial court failed to issue a finding of fact or conclusion of law regarding Knight's quantum meruit cause of action, and ignored Knight's requested additional findings of fact and conclusions of law regarding this cause of action, this court cannot presume that the trial court considered the quantum meruit cause of action and rejected it. Knight asserts that this court should reverse and render judgment in favor of Knight on its quantum meruit claim for the difference between what was paid and the value of the work performed by Knight.

### Applicable Law

After the trial court files original findings of fact and conclusions of law, any party may file a request for specified additional or amended findings of fact or conclusions of law. TEX. R. CIV. P. 298. The court shall file any additional or amended findings and conclusions "that are appropriate." *Id*. The failure to file properly requested additional or amended findings is presumed harmful unless the record demonstrates that the appealing party has suffered no injury. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989); *Strickland v. Coleman*, 824 S.W.2d 188, 193 (Tex. App.–Houston [1st Dist.] 1991, no writ). Additional findings are not required if the original findings and conclusions properly and succinctly detail the ultimate

---

[2] Because there is no evidence to support an award of actual damages, Thomas cannot recover exemplary damages or attorney's fees. *Nabours v. Longview Sav. & Loan Ass'n*, 700 S.W.2d 901, 904-05 (Tex. 1985).

[3] Due to our disposition of issues one through three, we need not address Knight's fourth, fifth, and sixth issues. *See* TEX. R. APP. P. 47.1.

findings of fact and law necessary to apprise the party of adequate information for the preparation of the party's appeal. *Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 412 (Tex. App.−Fort Worth 2006, pet. denied). The failure to file additional findings is harmless when the appellate court has a sufficient record to determine the question presented on appeal. *See Allred v. Harris Cty. Child Welfare Unit*, 615 S.W.2d 803, 807 (Tex. App.−Houston [1st Dist.] 1980, writ ref'd n.r.e.).

The trial court is not required to make additional findings that are unsupported by the record or that relate merely to evidentiary matters other than controlling issues. *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 838 (Tex. App.−Texarkana 1996, writ denied). Additional findings and conclusions are not required if they conflict with the original findings and conclusions made and filed by the trial court. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 254 (Tex. App.−Houston [14th Dist.] 1999, pet. denied). The trial court has no duty to make additional or amended findings that are unnecessary or contrary to its judgment. *Id*. If the requested findings will not result in a different judgment, the findings need not be made. *Pakdimounivong*, 219 S.W.3d at 412.

To prove an action for quantum meruit, the plaintiff must establish it provided valuable services or materials for the defendant, the defendant accepted and retained the services or materials, and the defendant knew the plaintiff expected compensation. *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944-45 (Tex. 1990); *Truly v. Austin*, 744 S.W.2d 934, 937 (Tex. 1988). An action for quantum meruit generally cannot be brought when an express contract covers the materials or services provided. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (orig. proceeding). Pursuant to an exception to this rule, the plaintiff can recover in quantum meruit despite an express contract if the plaintiff has partially performed its duties under the contract. *Truly*, 744 S.W.2d at 936-37. If the plaintiff breached the contract after partially performing it, the plaintiff can recover in quantum meruit for the materials and services provided, offset by the damages to the defendant from the plaintiff's breach. *Colbert v. Dallas Joint Stock Land Bank*, 102 S.W.2d 1031, 1034 (Tex. 1937). The plaintiff must prove that the defendant is unjustly enriched as a result of this partial performance, and that permitting the defendant to retain the benefits of the partial performance would unjustly penalize the plaintiff. *Garcia v. Kastner Farms, Inc.*, 789 S.W.2d 656, 661 (Tex. App.−Corpus Christi 1990, no writ).

**Analysis**

The trial court made the following findings pertinent to this discussion: (1) pursuant to the contract, Thomas was to pay Knight $78,004.30; (2) Knight did not complete the work and its work was not done in a good and workmanlike manner; (3) Thomas paid Knight $54,853.02 for the work it did; (4) Knight breached the contract causing damages to Thomas; (5) Knight engaged in fraud through use of a "Service Proposal;" (6) Knight engaged in a false, misleading, or deceptive act or practice in violation of the DTPA; (7) $35,000 would compensate Thomas for his actual damages; and (8) the cost of the work Knight did not perform is $20,261.55.

With regard to its cause of action for quantum meruit, Knight requested amended findings that its expert witness, John DeTiberiis, provided uncontroverted testimony that the work Knight performed was valued at $78,004.30, and Thomas breached the contract by paying $54,853.02 instead of $78,004.30. Knight requested an additional finding that Thomas retained benefits provided by Knight without fully paying for them and that Thomas knew Knight expected to be fully paid. Finally, Knight requested an additional conclusion that Knight performed work valued at $78,004.30, Thomas retained benefits without fully paying for them, and Knight is therefore entitled to $23,151.28 in quantum meruit damages.

The argument Knight relies on to obtain quantum meruit damages requires admission that he partially performed the contract and breached the contract. *See Colbert*, 102 S.W.2d at 1034. Knight's request for a finding that Thomas breached the contract conflicts with the original findings and conclusions and does not relate to an element of Knight's quantum meruit theory. *See Vickery*, 5 S.W.3d at 254; *Colbert*, 102 S.W.2d at 1034. The record supports a finding that Thomas remained in possession of his house and therefore retained whatever benefits Knight provided. However, to be entitled to a quantum meruit award, Knight had to prove that Thomas was unjustly enriched, that is, that the value of the work it did exceeded $54,853.02, the amount Thomas paid.

Knight requested a finding that the work it performed was valued at $78,004.30 and therefore it is owed $23,151.28. While DeTiberiis testified that the work Knight performed had a value of $78,004.30, the amount Thomas agreed to pay under the contract, Thomas and Beasley testified that Knight's work was sub-par, some needed to be torn out and replaced, and Knight did not complete the job. Thus, contrary to Knight's assertion, DeTiberiis's statement was not uncontroverted. The court determined that the contract required Knight to perform

$78,004.30 worth of work. The court also determined that Knight did not complete the work required by the contract or perform the work in a good and workmanlike manner. The original contract price cannot constitute the value of the work Knight performed when the evidence shows Knight did not complete all of the work required under the contract and its work was subpar. The record does not support Knight's requested finding on the value of the work performed. *See Grossnickle*, 935 S.W.2d at 838. The trial court, the judge of the credibility of the witnesses, was not required to file an additional finding that the value of the work performed was $78,004.30. *See McClendon v. McClendon*, 289 S.W.2d 640, 645 (Tex. App.−Fort Worth 1956, no writ) (holding that failure to file finding was harmless when the record reflects what testimony was believed by the trial court and made the basis of the judgment). Knight did not provide evidence showing that the value of the work it did was greater than the amount Thomas paid and thus Knight failed to show that Thomas was unjustly enriched. *See Garcia*, 789 S.W.2d at 661. We conclude that Knight was not harmed by the trial court's failure to file Knight's requested additional or amended findings and conclusions as doing so would not result in a different judgment. *See Pakdimounivong*, 219 S.W.3d at 412. We overrule Knight's seventh issue.

## DISPOSITION

Because Thomas failed to present legally sufficient evidence to support his actual damages award, we *reverse* the trial court's judgment as to Thomas's counterclaims and *render* a take-nothing judgment on Thomas's counterclaims against Knight. We *affirm* the judgment in all other respects.

**GREG NEELEY**
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-16-00142-CV**

**KNIGHT RENOVATIONS, LLC,**
Appellant
V.
**CHARLES R. THOMAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 13-2274-C)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of this court that there was error in the judgment of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment in favor of Charles R. Thomas against Knight Renovations, LLC be, and the same is, hereby **reversed** and judgment **rendered** that Charles R. Thomas take nothing on his claims against Knight Renovations, LLC.

It is further ORDERED, ADJUDGED and DECREED that the judgment of the court below is **affirmed** in all other respects.

It is further ORDERED that each party bear its own costs in this cause expended in this court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*