

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00030-CV

**HARLEY ROGERS PARTNERSHIP, LTD.**,
Appellant

v.

**QUICK ROOFING, LLC**,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. 18621C
Honorable Susan Harris, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:          Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: June 22, 2022

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Harley Rogers Partnership, Ltd. ("Harley Rogers") appeals the trial court's summary judgment in favor of Quick Roofing, LLC ("Quick Roofing"). We affirm in part, and reverse and remand in part.

### BACKGROUND

On October 8, 2016, Harley Rogers hired Quick Roofing to install a TPO Roof System on one of its commercial buildings. The written estimate, signed by Harley Rogers, provided for a price of $184,455.75. On July 16, 2018, Quick Roofing sued Harley Rogers for breach of contract,

alleging that Harley Rogers still owed a balance of $99,177.85. Harley Rogers answered and brought counterclaims for negligence, negligent misrepresentation, breach of express warranty for services, DTPA, and breach of contract.

On September 4, 2020, Quick Roofing moved for a traditional summary judgment on its breach of contract claim. In the same motion, Quick Roofing also moved for a no-evidence summary judgment as to Harley Rogers's counterclaims. After Harley Rogers filed a response, the trial court granted Quick Roofing's traditional motion for summary judgment on its breach of contract claim. It further granted Quick Roofing's no-evidence motion for summary judgment, and ordered that Harley Rogers take nothing on its counterclaims. Harley Rogers appealed.

## DISCUSSION

Harley Rogers brings the following two issues on appeal: (1) whether the trial court erred in granting Quick Roofing's traditional and no-evidence motion for summary judgment; and (2) whether the trial court's "Final Judgment" was signed outside its plenary power and thus is void.

### A. Quick Roofing's Traditional Motion for Summary Judgment on Its Breach of Contract Claim

Harley Rogers argues that the trial court erred in granting Quick Roofing's traditional motion for summary judgment on its breach of contract claim because it failed to prove that it performed under the contract as required. We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.*; *see* TEX. R. CIV. P. 166a(c). We take as true all evidence favorable to the nonmovant, and we "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

Quick Roofing moved for traditional summary judgment, arguing that the evidence showed as a matter of law that it was entitled to summary judgment because Harley Rogers breached the contract by failing to pay the full amount owed. To be entitled to a traditional summary judgment, Quick Roofing had to show that it was entitled to prevail on each and every element of its breach of contract claim as a matter of law. *See* TEX. R. CIV. P. 166a(c); *see also ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018) ("Under Texas Rule of Civil Procedure 166a(c), the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law."). The elements of a breach of contract claim are (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied). On appeal, Harley Rogers argues there is no evidence to support the second element.[1]

In support of its traditional motion for summary judgment, Quick Roofing attached as evidence (1) the written estimate signed by Harley Rogers; (2) the affidavit of Collin D. Kennedy; and (3) the affidavit of Eric Armstrong. The written estimate provides for the terms and price of

---

[1]We note that in its appellate brief, Quick Roofing argues that Harley Rogers "waived" its argument that a fact issue exists as to Quick Roofing's contractual performance because Harley Rogers failed in the trial court to make this specific argument in its response to Quick Roofing's traditional motion for summary judgment. According to Quick Roofing, Harley Rogers's trial court response "never addresse[d] a single element of a breach of contract claim" but "merely contain[ed] multiple blanket references to the [attached] Affidavit . . . and wholesale citations to the record." Quick Roofing is mistaken. Pursuant to Rule 166a(c), Quick Roofing had the burden to prove that no genuine issue of material fact exists with respect to every element of its breach of contract claim. *See* TEX. R. CIV. P. 166a(c). Under Rule 166a(c), the burden of proof never shifts to the nonmovant "unless and until the movant has 'establish[ed] his entitlement to a summary judgment . . . by conclusively proving all essential elements of his cause of action or defense as a matter of law.'" *Draughon v. Johnson*, 631 S.W.3d 81, 87-88 (Tex. 2021) (quoting *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989)). Thus, traditional "summary judgments must stand or fall on their own merits, and the nonmovant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). "If a nonmovant fails to present any issues in its response or answer, the movant's right is not established and the movant must still establish its entitlement to summary judgment." *Id*. "The effect of such a failure is that the nonmovant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant." *Id*. That is what Harley Rogers is doing here—arguing that there is no evidence to support the performance element of Quick Roofing's breach of contract claim.

the contract. Kennedy's affidavit affirms the amount of attorney's fees expended in the filing of the motion. Armstrong's affidavit affirms that he is the president of Quick Roofing, which "contracted and completed a roofing project at the commercial property" owned by Harley Rogers.[2] Armstrong states that in late 2016, Quick Roofing and Harley Rogers "entered in an agreement" as provided by the attached signed written estimate. Pursuant to the written estimate, Harley Rogers would pay "$174,177.85 to Quick Roofing." Harley Rogers "has not made full payment to Quick Roofing" and still owes "$99,177.85."

In the trial court, Harley Rogers argued that "[n]oticeabl[y] absent from the bare and conclusory allegation in Armstrong's affidavit is any competent summary judgment proof that Quick Roofing's work was done as promised, in a reasonably prompt manner, and in a good and workmanlike manner and free from defects as specifically required under the contract." To serve as competent summary judgment proof under Texas Rule of Civil Procedure 166a(c), an "affidavit of an interested party" must be "clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted." *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.). An affidavit that makes self-serving, conclusory statements without any underlying factual detail cannot support a summary judgment. *See id.*

With respect to Quick Roofing's performance of the contract, Armstrong merely states that "Quick Roofing provided the services and materials specified in the Agreement and asked for payment in full from [Harley Rogers] for the Project." We agree with Harley Rogers that this conclusory and self-serving statement by Armstrong in his affidavit is not competent summary judgment evidence and cannot support the trial court's granting of Quick Roofing's traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(f) (supporting affidavit must set forth

---

[2] We note that Armstrong's affidavit does not provide any foundation for him to be qualified as an expert witness.

such facts as would be admissible in evidence); *see also Chaney v. Corona*, 103 S.W.3d 608, 611 (Tex. App.—San Antonio 2003, pet. denied) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion."). Therefore, we hold that there is no evidence to support the element that Quick Roofing performed as required under the contract. Accordingly, the trial court's granting of summary judgment on Quick Roofing's breach of contract claim must be reversed.

Further, we note that in its petition, Quick Roofing requested attorney's fees for its breach of contract claim pursuant to section 38.001 of the Texas Civil Practice and Remedies Code. In its order granting Quick Roofing's traditional motion for summary judgment on its breach of contract claim, the trial court awarded Quick Roofing attorney's fees. However, because we have concluded the trial court erred in granting Quick Roofing's traditional motion for summary judgment, its award of attorney's fees pursuant to section 38.001 must also be reversed as Quick Roofing has not shown its entitlement to such an award.

B. *Quick Roofing's No-Evidence Motion for Summary Judgment on Harley Rogers's Counterclaims*

Quick Roofing also filed a no-evidence motion for summary judgment on Harley Rogers's counterclaims for breach of contract, negligence, negligent misrepresentation, breach of express warranty for services, and DTPA. Under Rule 166a(i), "[a]fter adequate time for discovery," a party may move for a no-evidence summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). The trial court "must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* The "respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt.-1997. In reviewing a

trial court's order granting a no-evidence summary judgment, we consider the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* at 751; *see* TEX. R. CIV. P. 166a(i).

### 1. Harley Rogers's DTPA Counterclaim

Harley Rogers argues on appeal that the trial court erred in granting Quick Roofing's no-evidence motion for summary judgment on its DTPA counterclaim. To prevail on a DTPA claim, a plaintiff must show (1) that he was a consumer with respect to the purchase at issue, (2) that the defendant engaged in false, misleading, or deceptive acts, and (3) that the defendant's acts were a producing cause of the plaintiff's damages. *See* TEX. BUS. & COM. CODE § 17.50(a); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 623 (Tex. App.—Fort Worth 2006, pet. denied). In its motion, Quick Roofing argued there was no evidence of the second and third elements.

Harley Rogers responded to the no-evidence motion for summary judgment by attaching the affidavit of Scott Bland Rogers ("Scott"), the manager of Harley Rogers. Harley Rogers argues in its brief that Scott's affidavit is evidence that Quick Roofing "represented that it was a reputable and excellent roofing company that promptly completes roofing installations." According to Harley Rogers's brief, while Quick Roofing made these representations, it "took around one and a half years to complete the job" and "failed to install a proper slope for the roof to drain, and provided a final roof product that cannot be warranted according to the requirements of Firestone." Harley Rogers further argues that "the services were not of the required quality or grade as represented by Quick Roofing." According to Harley Rogers, Quick Roofing also "failed to disclose information regarding [its] roofing service that was known or should have been known by

Quick Roofing to be defective." Harley Rogers emphasizes that "Quick Roofing's deceptive acts are the producing cause of Harley Rogers's damages of, among other things, having a roof that ponds water, and does not have a meaningful manufacturer's warranty as required by the contract." Harley Rogers then points to Scott's affidavit as evidence of all the above facts. Indeed, Scott's affidavit does state all of the above.

However, Quick Roofing in response to Harley Rogers points out that Scott's affidavit cannot constitute competent summary judgment evidence because Scott is not an expert. It is undisputed that Scott is a layperson and is not a roofing expert. "As a general rule, matters involving specialized or technical knowledge require expert testimony." *Wortham Bros. v. Haffner*, 347 S.W.3d 356, 361 (Tex. App.—Eastland 2011, no pet.) (citing *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 90-91 (Tex. 2004)). Expert testimony assists the trier of fact, and is thus admissible, "when the expert's knowledge and experience on a relevant issue are beyond that of the average juror," and the expert testimony helps the jury determine a fact issue or understand the other evidence. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam). However, "[w]hen the jury is equally competent to form an opinion about the ultimate fact issues or the expert's testimony is within the common knowledge of the jury," then the expert testimony is not necessary or helpful and should be excluded. *Id*.

Harley Rogers argues that Scott's observations of water pooling on the roof combined with the "sample" Firestone Warranty it attached constitute some evidence that the roof was installed improperly and the roof would not be covered by the Firestone warranty. The "sample" Firestone warranty attached, however, was not properly authenticated and thus cannot constitute competent summary judgment evidence. *See In re Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston

[14th Dist.] 2015, pet. denied).[3] Additionally, Harley Rogers attached photographs of the roof, which it argues show the defects in the roof's installation. However, whether the TPO roof was installed correctly by Quick Roofing or whether it was installed in a defective manner that breaches the Firestone warranty are matters of a specialized and technical nature. *See Wotham Bros.*, 347 S.W.3d at 361 (holding that "[t]he necessity of subsequent, total roof replacements performed immediately after the work performed by and on behalf of Wortham Bros. and the reasonableness of the cost of the subsequent roof replacements are matters of a specialized and technical nature" and thus "expert testimony was required to establish the necessity and reasonableness of the subsequent roof replacements"). Thus, we conclude expert testimony was necessary to prove such matters. Scott, who is a layperson, cannot provide competent summary judgment evidence of such matters in an affidavit. Accordingly, the trial court did not err in granting Quick Roofing's no-evidence motion for summary judgment on Harley Rogers's DTPA counterclaim.

### 2. Harley Rogers's Negligence Counterclaim

On appeal, Harley Rogers also argues the trial court erred in granting Quick Roofing's no-evidence motion for summary judgment on its negligence counterclaim. The elements of negligence are (1) a legal duty owed by one party to another; (2) a breach of that duty by the defendant; and (3) damages proximately resulting from that breach. *Elephant Ins. Co. v. Kenyon*, No. 20-0366, 2022 WL 1202307, at *4 (Tex. Apr. 22, 2022). In its motion, Quick Roofing argued there was no evidence that it owed a legal duty to Harley Rogers, that it breached that duty, or that such breach proximately caused damages to Harley Rogers.

---

[3]We note that while Quick Roofing raised objections in the trial court to the lack of authentication of the sample warranty, the trial court did not rule on its objections. "However, '[a] complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal.'" *In re Guerrero*, 465 S.W.3d at 706 (quoting *Blanche v. First Nationwide Mfg. Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.))

Harley Rogers alleged in its counterclaim that Quick Roofing was negligent "by failing to act as a reasonable and prudent roofing company and by failing to provide adequate and prompt roofing work on the building." For the same reasons as set out above, proof of these allegations would require expert testimony. *See Wotham Bros.*, 347 S.W.3d at 361. As Harley Rogers submitted no expert testimony, the trial court did not err in granting the no-evidence motion for summary judgment on Harley Rogers's negligence counterclaim.

### 3. Harley Rogers's Breach of Contract Counterclaim

In its counterclaim for breach of contract, Harley Rogers alleged that "Quick Roofing breached an express and/or implied agreement with Harley Rogers by failing to perform pursuant to the contract to provide a prompt and suitable roof." Again, for the reasons explained above, whether Quick Roofing breached any express and/or implied agreement by failing to provide a suitable roof must be shown through expert testimony. *See id*. Because Harley Rogers submitted none, the trial court did not err in granting the no-evidence motion for summary judgment on its breach of contract counterclaim.

### 4. Harley Rogers's Negligent Misrepresentation Counterclaim

In its counterclaim for negligent misrepresentation, Harley Rogers alleged that "Quick Roofing represented to Harley Rogers that it would provide quality roofing services at fair prices with respect to Harley Rogers's roof." The elements of negligent misrepresentation are the following: (1) a representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Bank of Tex., N.A. v. Glenny*, 405 S.W.3d 310, 313 (Tex. App.—Dallas 2013, no pet.) (citing *McCamish, Martin, Brown & Loeffler v. F.E.*

*Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999)). As explained above, whether Quick Roofing in fact made a negligent misrepresentation because it did not "provide quality roofing services at fair prices with respect to Harley Rogers's roof" would need to be proved with expert testimony. *See Wotham Bros.*, 347 S.W.3d at 361. Accordingly, the trial court did not err in granting the no-evidence motion for summary judgment on Harley Rogers's counterclaim for negligent misrepresentation.

5. *Harley Rogers's Breach of Express Warranty for Services Counterclaim*

In its counterclaim for breach of express warranty for services, Harley Rogers alleged that Quick Roofing "made one or more representations to Harley Rogers about the quality or characteristics of the roofing services," and the "service provided by Quick Roofing did not comply with Quick Roofing's representations, which was a breach of Quick Roofing's express warranty." To establish a claim for breach of an express warranty for services, a plaintiff must prove at least the following: the defendant sold services to the plaintiff; the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, promise, or description; the representation became part of the basis of the bargain; the defendant breached the warranty; and the plaintiff suffered an injury. *Methodist Hosp. v. Zurich Am. Ins. Co.*, 329 S.W.3d 510, 527 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). For the same reasons explained above, whether Quick Roofing breached the warranty by not complying with its representations must be proven through expert testimony. *See Wotham Bros.*, 347 S.W.3d at 361. Thus, the trial court did not err in granting the no-evidence motion for summary judgment on Harley Rogers's counterclaim for breach of express warranty for services.

**ORDER GRANTING SUMMARY JUDGMENT AND FINAL JUDGMENT**

Finally, Harley Rogers argues on appeal that the trial court erred in signing its "Final Judgment" outside of its plenary power. On November 2, 2020, the trial court signed an order

granting Quick Roofing's traditional motion for summary judgment on its breach of contract claim, ordering Harley Rogers to pay Quick Roofing monetary damages in the amount of $99,177.85, and awarding Quick Roofing attorney's fees in the amount of $14,975.00. In the same order, the trial court granted Quick Roofing's no-evidence motion for summary judgment on Harley Rogers's counterclaims and ordered that Harley Rogers take nothing with respect to its counterclaims. Quick Roofing then filed a motion for entry of final judgment, stating that its request for attorney's fees on appeal and for prejudgment and post-judgment interest were still outstanding. On March 1, 2021, more than 105 days after it signed its order granting summary judgment, the trial court signed a "Final Judgment" that added pre-judgment and post-judgment interest, along with an award of attorney's fees to Quick Roofing if Harley Rogers appealed. Harley Rogers urges on appeal that this second order, the "Final Judgment," is void.

However, as we have determined that the trial court's order granting Quick Roofing's traditional summary judgment on its breach of contract claim should be reversed, along with the award of attorney's fees pursuant to its breach of contract claim, we need not decide whether the "Final Judgment" was signed outside the trial court's plenary power. This cause is remanded for proceedings on Quick Roofing's breach of contract claim. After further proceedings in the trial court, the trial court will determine whether Quick Roofing is entitled to attorney's fees on its breach of contract claim or to pre-judgment or post-judgment interest.

## CONCLUSION

Because the trial court erred in granting Quick Roofing's motion for traditional summary judgment, we reverse the trial court's judgment in favor of Quick Roofing on its breach of contract claim, including any and all attorney's fees awarded to Quick Roofing. However, because the trial court did not err in granting Quick Roofing's no-evidence motion for summary judgment on Harley Rogers's counterclaims, we affirm the trial court's judgment granting the no-evidence

motion and ordering Harley Rogers take nothing on its counterclaims. This cause is remanded to the trial court for further proceedings on Quick Roofing's breach of contract claim.

Liza A. Rodriguez, Justice